IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Mary E. Oglesby, | ) | |
| | ) | Civil Action No. 8:17-216-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Itron Electricity Metering, Inc., | ) | |
| a/k/a Itron, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Mary E. Oglesby ("Oglesby"), filed this action against her former employer, Itron

Electricity Metering, Inc., a/k/a Itron, Inc. ("Itron") claiming that the termination of her employment

violated the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act

("ADA"), and the Rehabilitation Act. Itron has filed a motion to dismiss Ogelsby's disability and

discrimination claims under the ADA and Rehabilitation Act. (ECF No. 5). In accordance with 28

U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., that motion was referred to a magistrate

judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation

("Report"), recommending that the court grant the motion to dismiss. (ECF No.13). Oglesby has

filed objections (ECF No. 24), and Itron has responded to those objections (ECF No. 26).

Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination

in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the

absence of objections, this court is not required to provide an explanation for adopting the Report.

*See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed

objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Applicable Law

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

**Discussion**

In her Report, the magistrate judge determined that Ogelsby's ADA claim should be dismissed as time-barred for failure to file this action within ninety days after receiving the right to sue letter from the Equal Employment Opportunity Commission. ("EEOC"). (Report at 10). The magistrate judge also recommended that the Rehabilitation Act claims be dismissed because Ogelsby failed to allege any program or activity received federal funds. (Report at 12). In her objections, Ogelsby does not address the magistrate judge's recommendation that the ADA claim be dismissed as untimely. Therefore, having found no clear error, the court adopts that portion of the Report which recommends granting the motion to dismiss as to the ADA claim.

In her objections, Ogelsby alleges only that the magistrate judge erred in recommending that the Rehabilitation Act claims be dismissed. (Objections at 2). Ogelsby contends that the question of whether Itron receives federal funds should not be addressed until after discovery. She contends that she alleges in her complaint that Itron receives subsidies and that places Itron within the ambit of the Act. In its response, Itron argues that Oglesby has not alleged that Itron receives subsidies or other assistance, rather Oglesby alleges only that Itron is a government contractor, which does not make it subject to the Rehabilitation Act.

In her Complaint, Oglesby alleges that the Rehabilitation Act applies to private employers who receive federal funding and encompasses "employers who are engaged in government contracting." (Am. Compl. ¶¶ 29-30). Oglesby then alleges that Itron "had during the course of Plaintiff's employment, contracts to perform work for the federal and/or state and local governments." (Am. Compl. at ¶ 31).

3

Section 504 of the Rehabilitation Act prohibits discrimination through any program on activity that receives federal financial assistance. *See* 29 U.S.C. § 794. Section 504 provides:

> No otherwise qualified individual with handicaps . . . shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

29 U.S.C. § 794. As noted above, in her complaint, Oglesby alleges Itron had "contracts to perform work for the federal and/or state and local governments." (Am. Compl. at ¶ 31). However, a private entity's contract with the government does not qualify as "federal financial assistance" for purposes of the Rehabilitation Act. *Conner v. Nucor*, C/A No. 2:14-cv-4145-SB, 2015 WL 5785510, *6 (D.S.C. Sept. 30, 2015) (*citing Smith v. Laidlaw Transit, Inc.*, C/A No. 3:02-cv-4179-JFA, 2006 WL 6036888, *8 (D.S.C. Jan. 6, 2006) ("Defendant was not a recipient of federal financial assistance for purposes of a Rehabilitation Act claim, and cannot therefore be sued under that Act."), aff'd 196 F.App'x 153 (4th Cir. 2006); *Jarno v. Lewis*, 256 F.Supp.2d 499, 504 (E.D.Va. 2003) (collecting cases holding that "procurement contracts do not constitute federal financial assistance where the recipient receives no government subsidy for its service but rather acts solely as a market participant"). *See also Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 421 (4th Cir. 2005) (explaining that "an entity receives 'assistance' [under Title VI] when it receives a subsidy, as opposed to compensation."); *Allen v. Center for Creative Leadership*, C/A No. 1:05-cv-1149, 2006 WL 1743285, *2 (M.D.N.C. June 22, 2006) (dismissing title VI claim pursuant to Rule 12(b)(6) because merely "alleging contracts with the federal government . . . falls short of the required allegation of 'financial assistance' necessary to state a claim"). Based on the foregoing, the court

agrees with the magistrate judge's determination that Oglesby has failed to state a claim under the Rehabilitation Act.

## Conclusion

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 13) and incorporates it herein. It is therefore **ORDERED** that Itron's motion to dismiss Plaintiff's ADA and Rehabilitation claims (ECF No. 5) is **GRANTED**. This matter is recommitted to the Magistrate Judge for pretrial handling.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 28, 2017
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.